**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

JOHN E. GOLUB, On Behalf of
Himself and All Others Similarly
Situated,

*Plaintiff-Appellant*,

and

BRIAN CARPENTER,

*Plaintiff*,

v.

GIGAMON INC.; COREY M. MULLOY;
PAUL A. HOOPER; ARTHUR W.
COVIELLO, JR.; JOAN A. DEMPSEY;
TED C. HO; JOHN H. KISPERT; PAUL
E. MILBURY; MICHAEL C.
RUETTGERS; ROBERT E. SWITZ;
DARIO ZAMARIAN; ELLIOTT
MANAGEMENT CORPORATION;
ELLIOTT ASSOCIATES, L.P.; ELLIOTT
INTERNATIONAL, L.P.; EVERGREEN
COAST CAPITAL CORPORATION;
GINSBERG HOLDCO, INC.; GINSBERG
MERGER SUB, INC.,

*Defendants-Appellees.*

No. 19-16975

D.C. No.
3:17-cv-06653-
WHO

OPINION

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 14, 2020
Submission Vacated December 15, 2020
Resubmitted April 13, 2021
San Francisco, California

Filed April 20, 2021

Before:  Ferdinand F. Fernandez, Kim McLane Wardlaw,
and Daniel P. Collins, Circuit Judges.

Opinion by Judge Wardlaw

## SUMMARY[*]

### Securities Law

The panel affirmed the district court's dismissal, for failure to state a claim, of a putative securities class-action lawsuit alleging violations of §§ 14(a) and 20(a) of the Securities Exchange Act of 1934 and Securities Exchange Commission Rule 14a-9.

Plaintiff alleged misrepresentations and omissions in a proxy statement used to secure shareholder approval for the sale of defendant Gigamon, Inc.  The panel held that the

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

standards for actionability explained in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), with respect to falsity under § 11 of the Securities Act of 1933, also govern whether a plaintiff has sufficiently alleged the falsity of a statement of opinion under SEC Rule 14a-9 through either a misrepresentation-of-fact theory or an omission-of-material-fact theory. *Omnicare* identified three ways in which a statement of opinion may nonetheless involve a representation of material fact that, if that representation is false or misleading, could be actionable. First, every statement of opinion explicitly affirms that the speaker actually holds the stated belief. Second, some sentences that begin with opinion words like "I believe" contain embedded statements of fact. And third, a reasonable investor may, depending on the circumstances, understand an opinion statement to convey facts about how the speaker has formed the opinion.

The panel applied the *Omnicare* standards in an accompanying memorandum disposition and affirmed the judgment of the district court.

## COUNSEL

Randall J. Baron (argued), David T. Wissbroecker, Danielle S. Myers, and Maxwell R. Huffman, Robbins Geller Rudman & Dowd LLP, San Diego, California; Shawn A. Williams, Robbins Geller Rudman & Dowd LLP, San Francisco, California; for Plaintiff-Appellant.

Jerome F. Birn Jr. (argued) and David J. Berger, Wilson Sonsini Goodrich & Rosati PC, Palo Alto, California, for Defendants-Appellees Gigamon Inc., Corey M. Mulloy, Paul A. Hooper, Arthur W. Coviello Jr., Joan A. Dempsey,

Ted C. Ho, John H. Kispert, Paul E. Milbury, Michael C. Ruettgers, Robert E. Switz, and Dario Zamarian.

Brian M. Lutz (argued) and Michael J. Kahn, Gibson Dunn & Crutcher LLP, San Francisco; Nathan L. Powell, Gibson Dunn & Crutcher LLP, Palo Alto, California; for Defendants-Appellees Elliott Management Corporation, Elliott Associates L.P., Elliott International, L.P., Evergreen Coast Capital Corporation, Ginsberg Holdco Inc., Ginsberg Merger Sub Inc.

## OPINION

WARDLAW, Circuit Judge:

Lead Plaintiff John Golub appeals the district court's dismissal of his putative securities class-action lawsuit, alleging violations of section 14(a) and section 20(a) of the Securities Exchange Act of 1934 and Securities Exchange Commission (SEC) Rule 14a-9. *See* 15 U.S.C. § 78n(a); *id.* § 78t; 17 C.F.R. § 240.14a-9(a). As we explain in the accompanying memorandum disposition, we affirm the district court's order dismissing Golub's amended complaint for failure to state a claim under these provisions. We write here only to clarify that the standards for actionability explained in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015), with respect to falsity under section 11 of the Securities Act of 1933, also govern whether a plaintiff has sufficiently alleged the falsity of a statement of opinion under SEC Rule 14a-9 through either a misrepresentation-of-material-fact theory or an omission-of-material-fact theory.

# I.

On November 24, 2017, Gigamon Inc. filed a proxy statement urging its shareholders to vote in favor of a proposed sale of Gigamon. Among other things, the proxy statement laid out: the proposed terms of sale, the company's current and projected finances, and the decision-making process of Gigamon's Board of Directors and CEO in approving and recommending the sale of the company. Gigamon supplemented this proxy statement on December 12, 2017, making minor updates to the background and fairness sections of that document.

Some of Gigamon's shareholders, however, believed that Gigamon's directors and officers had deliberately agreed to sell Gigamon at an undervalued price and that Gigamon had filed "a materially false and misleading Proxy Statement in order to secure shareholder support for" that sale. As a result, a wave of putative shareholder class-action lawsuits against Gigamon sprung up in the Northern District of California. The district court consolidated those lawsuits into the present dispute and appointed Golub as the lead plaintiff.

In the main, Golub's initial and later-amended complaints assert that Gigamon, its CEO, and its Board of Directors violated SEC Rule 14a-9, promulgated under section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), when they released the proxy statement.[1] His operative amended complaint specifically

---

[1] Golub's initial complaint also brought a claim under section 20(a) of the Securities Exchange Act of 1934 against a variety of companies, including Elliott Management Corporation, Elliott Associates, L.P., Elliott International, L.P., Evergreen Coast Capital, Ginsberg Holdco,

identified five alleged misrepresentations of fact and two alleged omissions in the proxy statement that purportedly rendered false or misleading certain statements of opinion also contained in the proxy statement. *See Va. Bankshares, Inc. v. Sandberg*, 501 U.S. 1083, 1087 (1991).

Defendants moved to dismiss both Golub's initial and amended complaints for failure to state a claim. The district court granted both motions to dismiss, primarily on the alternative grounds that Golub had failed to plead (1) an actionably false misrepresentation or omission that (2) could overcome the safe-harbor provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-5. Moreover, the second time around, the district judge dismissed the amended complaint without further leave to amend because of the futility of Golub's prior amendments. The court entered judgment against Golub, and Golub filed a timely notice of appeal.

After hearing oral argument in this appeal, we vacated submission pending our court's decision in *Wochos v. Tesla, Inc.*, 985 F.3d 1180 (9th Cir. 2021), which addressed claims of falsity under section 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. With the benefit of that decision, we now decide this matter through this opinion and the simultaneously filed memorandum disposition.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal of Golub's amended complaint de novo. *See Wochos*, 985 F.3d at 1188. As

---

Inc., and Ginsberg Merger Sub, Inc., for their alleged roles in facilitating Gigamon's violation of section 14(a).

relevant to this opinion, we review questions of statutory and regulatory interpretation de novo, at least in the absence of a competing interpretation from the agency that administers the organic statute and ensuing regulations. *Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155, 1157–58 (9th Cir. 2018).

## III.

As discussed, Golub's principal claim arises under section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9, promulgated thereunder. Rule 14a-9, specifically, prohibits the use of a proxy statement to secure shareholder approval for the sale of a company if that document

> contain[s] any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any *material fact*, or which omits to state any *material fact* necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

17 C.F.R. § 240.14a-9(a) (emphases added).

Despite Rule 14a-9's use of the word "fact," that provision has long permitted a plaintiff to plead and prove false the "statements of reasons, opinions, or beliefs" of a company's directors that are placed in a proxy statement to urge shareholders to vote in a particular manner. *Va. Bankshares*, 501 U.S. at 1090–91; *see also id.* at 1095

("Under § 14(a), then, a plaintiff is permitted to prove a specific statement of reason knowingly false or misleadingly incomplete, even when stated in conclusory terms."). These statements of opinions "are factual in two senses: as statements that the directors do act for the reasons given or hold the belief stated and as statements about the subject matter of the reason or belief expressed." *Id.* at 1092.

We have not, however, addressed how the Supreme Court's more recent decision and analysis in *Omnicare* affect such claims. There, the Supreme Court examined the standards for alleging falsity of an opinion under section 11 of the Securities Act of 1933. *Omnicare*, 575 U.S. at 178. And, as we recently summed up, "*Omnicare* identified three ways in which a statement of opinion may nonetheless involve a representation of material fact that, if that representation is false or misleading, could be actionable." *Wochos*, 985 F.3d at 1189. "First, every statement of opinion 'explicitly affirms one fact: that the speaker actually holds the stated belief.'" *Id.* (quoting *Omnicare*, 575 U.S. at 184). "Second, 'some sentences that begin with opinion words like "I believe" contain *embedded* statements of fact.'" *Id.* (quoting *Omnicare*, 575 U.S. at 185). And "[t]hird, 'a reasonable investor may, depending on the circumstances, understand an opinion statement to convey facts about how the speaker has formed the opinion—or, otherwise put, about the speaker's basis for holding that view.'" *Id.* (quoting *Omnicare*, 575 U.S. at 188). Such a statement could "potentially giv[e] rise to liability under an omission theory" if the facts conveyed in that fashion are untrue, as would be apparent based on a more fulsome disclosure. *Id.*

Though the first two *Omnicare* standards for falsity of an opinion align with those enunciated in *Virginia Bankshares*,

*compare Omnicare*, 575 U.S. at 184–85, *with Va. Bankshares*, 501 U.S. at 1092, the district court hesitated to extend *Omnicare*'s discussion of how *omissions* can render a statement of opinion false or misleading to the Rule 14a-9 context without our explicit approval. After all, *Virginia Bankshares* was largely silent about such a theory of liability, and *Omnicare* was not a section 14(a) and Rule 14a-9 case. Having considered the issue, however, we hold that *Omnicare*'s standards for pleading falsity of opinion— via either a misleading representation or omission—apply to claims arising under section 14(a), as implemented by Rule 14a-9.

Our discussion of the *Omnicare* standards in *City of Dearborn Heights Act 345 Police & Fire Retirement System v. Align Technology, Inc.*, 856 F.3d 605 (9th Cir. 2017), makes for a natural starting point. "The Supreme Court's definition of opinion statements and differentiation of them from factual statements was specific to Section 11 only to the extent that Section 11 imposes liability for 'untrue statement[s] of . . . *fact.*'" *Id.* at 616 (alterations in original) (quoting *Omnicare*, 575 U.S. at 183). We have thus previously concluded that the *Omnicare* standard applies to claims under section 10(b) and Rule 10b-5, because Rule 10b-5 and section 11 contained an "identical limitation of liability to 'untrue statement[s]' and omissions of 'fact.'" *Id.* (quoting 17 C.F.R. § 240.10b-5(b)).

This same reasoning is equally applicable to the section 14(a) and Rule 14a-9 context, as Rule 14a-9 contains a virtually identical limitation on liability. Only proxy statements that contain "false or misleading" statements of "material fact" or omit "material fact[s]" that render statements in the proxy false or misleading can give rise to liability under Rule 14a-9. 17 C.F.R. § 240.14a-9(a). Like

its siblings, then, Rule 14a-9 is concerned primarily with questions of "fact." *See Omnicare*, 575 U.S. at 185 n.2 (explaining that § 14(a) "bars conduct similar to that described in § 11").

Given the presence of this limitation on liability under Rule 14a-9, we conclude that *Omnicare*'s elucidation of what "facts" a statement of opinion may convey and the possibility and manner of proving those "facts" false or misleading through an omission theory applies to the Rule 14a-9 context. *See Dearborn Heights*, 856 F.3d at 616; *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 322–23 (4th Cir. 2019) (applying the *Omnicare* standards to claims under Rule 14a-9).

## IV.

We apply these standards in the simultaneously filed memorandum disposition in this case, and, as explained in that memorandum, **AFFIRM** the decision and judgment of the district court.